IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICIA STRICKLAND, | : | |
| | : | |
| Appellant, | : | |
| | : | Case No. 5:14-CV-00186 (CAR) |
| v. | : | Bankruptcy Appeal |
| | : | |
| WELLS FARGO BANK, | : | |
| | : | |
| Appellee. | : | |
| | : | |

## ORDER ON APPEAL

Currently before the Court is Appellee's Motion to Dismiss *pro se* Appellant-Debtor Patricia Strickland's appeal of the United States Bankruptcy Court for the Middle District of Georgia's Order Granting Relief from Stay.  Appellant filed her Amended Notice of Appeal on April 17, 2014, and failed to timely file her initial brief in accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure and this Court's Letter Regarding Bankruptcy Briefing Schedule.  However, due to Appellant's *pro se* status, the Court hereby **CONSTRUES** her Motions to Strike [Docs. 9 & 13] and her Motion to Vacate [Doc. 11] as if they are Appellant's initial brief in support of her appeal.  Having considered the record of the lower court, the parties' briefs, and the relevant case law, the decision of the Bankruptcy Court is hereby **AFFIRMED**.  Thus, Appellee's Motion to Dismiss [Doc. 8] is **MOOT**.

## LEGAL STANDARD

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).  In reviewing the decision of a bankruptcy court, a district court functions as an appellate court.[1]  In that capacity, district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."[2]  The Court must accept the Bankruptcy Court's findings of fact unless those facts are clearly erroneous.[3]  The Court may not make independent factual findings.[4]  Conclusions of law, however, including the Bankruptcy Court's interpretation and application of the United States Bankruptcy Code, are reviewed *de novo*.[5]  Thus, this Court owes no deference to the Bankruptcy Court's interpretation of the law or its application of the law to the facts.[6]

## BACKGROUND

This pending appeal arises out of Appellant's execution of a security deed in favor of Mortgage Lenders Network USA, Inc. as security for a note in the original principal amount of $102,420.  The security deed conveyed the real property located at 996 South Mulberry Street, Jackson, Ga. 30323 (the Property) as security for the note.

On September 30, 2013, Appellant filed a bankruptcy petition under Chapter 7 of

---

[1] *See Williams v. EMC Mortg. Corp. (In re Williams),* 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam).
[2] Fed. R. Bankr. P. 8013.
[3] *Id.*
[4] *Equitable Life Assurance Soc'y v. Sublett (In re Sublett),* 895 F.2d 1381, 1384 (11th Cir. 1990).
[5] *See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588, 593 (11th Cir. 1990).
[6] *Goerg v. Parungao (In re Goerg),* 930 F.2d 1563, 1566 (11th Cir. 1991).

2

the United States Bankruptcy Code, 11 U.S.C. § § 101 *et seq.*, in the United States Bankruptcy Court for the Middle District of Georgia.  Appellee Wells Fargo filed a Motion for Relief from Stay on December 13, 2013, requesting relief from the automatic stay under 11 U.S.C. § 362(a) to pursue its state law rights and remedies in connection with the security deed and the Property.

The United States Bankruptcy Court for the Middle District of Georgia held an initial hearing on the Motion for Relief on January 9, 2014.  Appellant appeared and argued in opposition to the Motion at the initial hearing.  The Bankruptcy Court continued the hearing in favor of a full evidentiary hearing which was held on April 1, 2014.  At the full hearing, both Appellant and Appellee were given the opportunity to present evidence and additional argument in support of their respective positions.  On April 7, 2014, the Bankruptcy Court granted the Motion for Relief.

On April 17, 2014, Appellant filed an Amended Notice of Appeal on the Order Granting Relief from Stay together with a Designation of contents for Inclusion in Record on Appeal.  On May 1, 2014, Appellee timely filed its Designation of Additional Items for Record on Appeal, and on May 13, 2014, the Notice of Appeal was docketed by the Clerk of the United District Court for the Middle District of Georgia.

On May 14, 2014, the Clerk mailed and docketed a letter addressed to the parties setting forth the briefing schedule and directing Appellant to "serve and file [her] initial

brief within 14 days after entry of the appeal on the docket pursuant to Rule 8009."[7] Appellant failed to timely file her initial brief, and thus, on June 4, 2014, Appellee moved to dismiss the appeal.

As of the date of this Order, Appellant has filed a "Motion to Strike Appellee's Motion to Dismiss Appeal" on June 16, 2014, a "Motion to Vacate Judgment and Brief in Support of Motion to Vacate Bankruptcy Court Order" on July 17, 2014; and a "Motion to Strike Appellee's Brief" on August 11, 2014.  Although it is unclear whether these Motions are intended as untimely initial briefs, because Appellant is proceeding *pro se*, the Court will construe them as if they are Appellant's initial brief in support of her appeal.

## DISCUSSION

Appellant first contends that she did not receive proper "due process of the law under the 14th Amendment."[8]  Due process for a motion for relief requires proper notice and an opportunity to be heard.[9] Appellant clearly received both. The transcripts from the hearings on January 9, 2014, and April 1, 2014, establish that Appellant received notice, appeared at the hearing, and argued in opposition to the Motion for Relief.  Thus, any contention that she was deprived of her due process rights is without merit.

Appellant also appears to argue that she did not receive a jury trial; however, she is not entitled to a trial by jury on the motion for relief.  A "hearing on a motion for relief

---

[7] Scheduling Letter, Doc. 3.
[8] Doc. 79.
[9] *See In re Richards*, 2012 WL 2357672 at *4 (Bankr. N.D. Ga. 2012) (citing *Lachance v. Erickson*, 522 U.S. 622 (1988)).

4

from stay is meant to be a summary proceeding, and the validity or merits of claims and defenses are not litigated during the hearing."[10]  Rather, the purpose of the hearing is simply to determine "whether a creditor has a colorable claim to property of the estate."[11] "As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus the decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere."[12]  An order granting relief from stay, therefore, only finds that the creditor has a colorable claim and that its interest is not adequately protected by the debtor at the time the order is issued.[13]  "The effect of the bankruptcy court's order for relief from stay does not equate to a final decision on the merits of a discrete issue, but merely grants the *right* to assert a claim in another court."[14] Thus, Appellant's argument that she was denied her right to a trial by jury is without merit.

## CONCLUSION

Due to Appellant's *pro se* status, the Court **CONSTRUES** her Motions to Strike [Docs. 9 and 13] and her Motion to Vacate [Doc. 11] as if they are her initial brief in support of her appeal. Having reviewed the applicable law and the arguments of the parties, the Court agrees with the decision of the Bankruptcy Court and finds Appellant's

---

[10] *In re Fontaine*, 2011 WL 1930620 at *1 (Bankr. N.D. Ga. April 12, 2011).
[11] *Id.*
[12] *Grella v. Salem Five Cent Bank*, 42 F.3d 26, 32 (1st Cir. 1994).
[13] *In re Richards*, 2012 WL 2357672 at *2 (Bankr. N.D. Ga. 2012) (citation omitted).
[14] *Id.* at *3 (citation omitted).

contentions to be without merit.  Accordingly, it is hereby **ORDERED** that the decision of the Bankruptcy Court be **AFFIRMED**.  Thus, Appellee's Motion to Dismiss [Doc. 8] is **MOOT**.

      **SO ORDERED,** this 10th day of December, 2014.

                                      <u>S/ C. Ashley </u>Royal  
                                      C. ASHLEY ROYAL, JUDGE  
                                      UNITED STATES DISTRICT COURT

SSH